FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

10 OCT 25 PM 4: 17

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

JUDITH KAHN,

    Plaintiff,

-v-

PORTFOLIO RECOVERY
ASSOCIATES, LLC, STEVEN D.
FREDRICKSON, JUDITH S.
SCOTT, KEVIN P. STEVENSON,
WILLIAM BROPHEY AND DAVID
N. ROBERTS,

    Defendants.

Case No.:

8:10-CV-2399-T-26TGW

_____/

## NOTICE OF REMOVAL

**COMES NOW** Defendant Portfolio Recovery Associates, LLC ("Defendant"), by and through its undersigned counsel, pursuant to the provisions of 28 U.S.C. §§ 1331, 1332, 1441 and 1446, appearing specially so as to preserve any and all defenses available under Rule 12 of the Florida and Federal Rules of Civil Procedure, any and all defenses under the federal laws of bankruptcy and specifically preserving the right to demand arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, and hereby gives notice of the removal of this

1869783 v1

action from the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, to the United States District Court, Middle District of Florida, Tampa Division. In support of this notice of removal, Defendant states as follows:

## I. <u>INTRODUCTION</u>

1. Plaintiff Judith Khan ("Plaintiff") commenced this action by filing a complaint against the defendants in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, Case Number 09-027090-F on or about October 26, 2009. On or about October 6, 2010, Plaintiff filed an amended complaint against the defendants.

2. Plaintiff's amended complaint asserts various claims against Defendant relating to its collection of an alleged debt owed by Plaintiff. (*See generally*, Amended Complaint.) Plaintiff specifically contends that Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), **<u>which is the first time that Plaintiff has alleged a violation of a federal statute</u>**. (*Id.*, ¶¶ 70-76.) In addition to her new FDCPA claim, Plaintiff's amended complaint contains her prior claim that Defendant violated the Florida Consumer Collection Practices Act ("FCCPA") and also alleges the following three (3) new claims: (i) violation of the Telephone Consumer

Protection Act ("TCPA"); (ii) invasion of privacy by intrusion upon seclusion; and (iii) intentional infliction of emotional distress. (*Id.*, ¶¶ 77-114).

3. Based on these claims, Plaintiff's amended complaint seeks recovery of an unspecified amount of actual damages, statutory damages and attorney's fees, interest and costs. (*Id.*) However, contemporaneously with the service of her amended complaint, Plaintiff made a demand on Defendant, **for the first time**, in excess of this Court's jurisdictional minimum.

4. This case is properly removable pursuant to 28 U.S.C. § 1441 because federal question jurisdiction is present. Section 1441 provides, in pertinent part:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the constitution, treaties, or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendant is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(a).

5. This action is also properly removable under 28 U.S.C. § 1441(a) because the United States District Court has original jurisdiction of

this case under 28 U.S.C. § 1332(a), as amended, which provides in pertinent part as follows:

> The district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and cost, and is between --
>
> (2) citizens of a State and citizens or subjects of a foreign state.

28 U.S.C. § 1332(a).

## II. FEDERAL QUESTION JURISDICTION

6. Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treatises of the United States." 28 U.S.C. § 1331. Removal jurisdiction based upon a federal question exists when a federal question is presented on the face of a plaintiff's complaint. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

7. This is a civil action arising under the Constitution, laws, or treatises of the United States, because Plaintiff is asserting a claim against Defendant based upon alleged violations FDCPA, which is a federal consumer protection statute. *See* Amended Complaint, ¶¶ 70-76; *see also* 15 U.S.C. § 1692 *et seq.* Accordingly, Plaintiff's FDCPA claim arises under the laws of the United States and could have been originally filed in this Court.

### III. DIVERSITY JURISDICTION

8. This action is also properly removable under 28 U.S.C. § 1441(a) because the United States District Court has original jurisdiction of this case under 28 U.S.C. § 1332(a), as amended, which provides in pertinent part as follows:

> The district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and cost, and is between --
>
> (2) citizens of a State and citizens or subjects of a foreign state.

28 U.S.C. § 1332(a).

#### A. The Diversity of Citizenship Requirement is Satisfied.

9. There is complete diversity of citizenship between Plaintiff and Defendant.

10. Based on the allegations in her amended complaint, Plaintiff is a resident citizen of the State of Florida.

11. Defendant is a foreign limited liability corporation with its principal place of business located outside the State of Florida. Furthermore, none of Defendant's members are citizens of the State of Florida. Consequently, for diversity jurisdiction purposes, Defendant is not a citizen of the State of Florida.

12. Upon information and belief, defendant Steven D. Fredrickson is a resident citizen of a state other than the State of Florida.

13. Upon information and belief, defendant Judith S. Scott is a resident citizen of a state other than the State of Florida.

14. Upon information and belief, defendant Kevin P. Stevenson is a resident citizen of a state other than the State of Florida.

15. Upon information and belief, defendant William Brophey is a resident citizen of a state other than the State of Florida.

16. Upon information and belief, defendant David N. Roberts is a resident citizen of a state other than the State of Florida.

17. Therefore, there is complete diversity among all parties named in this action.

**B.   The Amount In Controversy Requirement is Satisfied.**

18. The amount in controversy in this action exceeds the sum or value of $75,000.00, exclusive of interest and costs.

19. Despite the allegations in Plaintiff's amended complaint, Plaintiff's counsel emailed and faxed Defendant a settlement demand on

October 5, 2010 demanding, among other things, compensatory damages exceeding the jurisdictional minimum required for this Court.[1]

20. Consequently, the amount in controversy requirement is satisfied.

### III. ADOPTION AND RESERVATION OF DEFENSES

21. Nothing in this notice of removal shall be interpreted as a waiver or relinquishment of any of Defendant's rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Fla. or Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

### IV. TIMING OF REMOVAL

22. This removal is timely despite not being filed within thirty (30) days of Plaintiff's initial complaint because this case was not initially removable.

---

[1] Defendant will be glad to provide the Court with a copy of this email should the Court decide that it would like to review it.

23. Section 1446 provides, in pertinent part:

If the case stated by the initial pleading is not removable, a notice of removal bay be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of any amended pleading, motion, order or other paper from which it may be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than one year after commencement of the action.

28 U.S.C. § 1446(b).

24. Plaintiff Judith Khan ("Plaintiff") commenced this action on October 26, 2009 by filing her complaint against the defendants claiming only a violation of the FCCPA and seeking an unspecified amount of damages. At no time prior to October 5, 2010, did Plaintiff make a demand in excess of this Court's jurisdictional minimum.

25. On or about October 6, 2010, Plaintiff filed an amended complaint against the defendants claiming, for the first time, an alleged violation of the FDCPA. Contemporaneously therewith, Plaintiff also served Defendant, **for the first time**, with a demand in excess of this Court's jurisdictional minimum. Therefore, pursuant to 28 U.S.C. § 1446(b), Defendant's removal of this action is timely.

…

## V. **ADDITIONAL PROCEDURAL REQUIREMENTS**

26. This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

27. True and correct copies of "all process, pleadings, and orders" served upon Defendant to date are attached hereto as Exhibit "A" in conformity with 28 U.S.C. § 1446(a). There has been no other process, pleadings, or orders served upon Defendant to date in this case.

28. Defendant has heretofore sought no similar relief.

29. The United States District Court for the Middle District of Florida, Tampa Division, is the court and division embracing the place where this action is pending in state court.

30. None of the individual defendants have been served with process in this case and, therefore, they are not required to join or consent to the removal of this action. *See Jasper v. Wal-Mart Stores, Inc.*, 732 F. Supp. 104 (M.D. Fla. 1990).

31. Contemporaneously with the filing of this notice of removal, Defendant is filing a copy of same with the clerk of the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, and a

notice of filing notice of removal. Written notice of the filing of this notice of removal has also been served upon Plaintiff.

32. Defendant reserves the right to supplement this notice of removal by adding any jurisdictional defenses which may independently support a basis for removal.

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, to the United States District Court for the Middle District of Florida, Tampa Division.

                           Respectfully submitted,

                           */s/ Christine Irwin Parrish*
                           John R. Chiles (FL Bar # 0012539)
                           R. Frank Springfield (FL Bar # 0010871)
                           Christine Irwin Parrish (FL Bar # 0014404)
                           BURR & FORMAN LLP
                           450 S. Orange Avenue, Suite 200
                           Orlando, Florida 32801
                           Telephone: (407) 244-0888
                           Facsimile: (407) 244-0889
                           jchiles@burr.com
                           fspringf@burr.com
                           cparrish@burr.com

                           Attorneys for Defendant
                           PORTFOLIO RECOVERY ASSOCIATES, LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served on the following by directing same to their office addresses through first-class, United States mail, postage prepaid, on this the 25th day of October, 2010:

James S. Giardina, Esq.<br>
The Consumer Rights Law Group, PLLC<br>
3802 Bay to Bay Blvd., Suite 11<br>
Tampa, Florida 33629<br>
(813) 413-5610