IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, STATE OF FLORIDA
CIRCUIT CIVIL DIVISION

**JUDITH KAHN,**

Plaintiff,

vs.

CASE NO. **09  27090**

**PORTFOLIO RECOVERY ASSOCIATES, LLC**
(a foreign limited liability company);
    and
**STEVEN D. FREDRICKSON** (individually and d/b/a
Portfolio Recovery Associates, LLC);
    and
**JUDITH S. SCOTT** (individually and d/b/a
Portfolio Recovery Associates, LLC);
    and
**KEVIN P. STEVENSON** (individually and d/b/a
Portfolio Recovery Associates, LLC);
    and
**WILLIAM BROPHEY** (individually and d/b/a
Portfolio Recovery Associates, LLC);
    and
**DAVID N. ROBERTS** (individually and d/b/a
Portfolio Recovery Associates, LLC).

Defendants.

_____/



## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, JUDITH KAHN, by and through the undersigned counsel, sues the Defendants PORTFOLIO RECOVERY ASSOCIATES, LLC, STEVEN D. FREDRICKSON, JUDITH S. SCOTT, KEVIN P. STEVENSON, WILLIAM BROPHEY, and DAVID N. ROBERTS and in support thereof respectfully alleges the following:

### JURISDICTION AND VENUE

1. This is an action for damages that exceeds Fifteen Thousand Dollars ($15,000.00) exclusive of interest and costs.

2. This action results from the unlawful debt collection practices engaged in by Defendants in violation of the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77 *et seq.* ("FCCPA").

3. This Court has jurisdiction over statutory claims pursuant to Fla. Stat. § 559.77(1).

4. The Plaintiff, JUDITH KAHN, at all times pertinent to this complaint, resided in the State of Florida, and the alleged violations occurred in the State of Florida.

5. Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC (hereinafter "PORTFOLIO RECOVERY"), is a Virginia limited liability company that fails to maintain a registered agent in the State of Florida, and is not authorized by the Florida Secretary of State to conduct business in the State of Florida. Its principal place of business is 120 Corporate Blvd., Suite 100, Norfolk, Virginia 23502.

6. At all times relevant to this Complaint, Defendant PORTFOLIO RECOVERY transacted business in Hillsborough County and at other locations throughout the State of Florida, operating as a collection agency and as a "debt collector" as that term is defined by Florida Statute § 559.55(6).

7. Defendant, STEVEN D. FREDRICKSON (hereinafter "FREDRICKSON"), is, upon information and belief an owner, manager, officer, employee, and / or agent of Defendant PORTFOLIO RECOVERY regularly engaged in the business of collecting debts. At all times relevant to this Complaint, Defendant FREDRICKSON transacted business in Hillsborough County, Florida, and at other locations throughout the State of Florida operating as a "debt collector" as that term is defined by Florida Statute § 559.55(6).

8. Defendant, JUDITH S. SCOTT (hereinafter "SCOTT"), is, upon information and belief an owner, manager, officer, employee, and / or agent of Defendant PORTFOLIO RECOVERY regularly engaged in the business of collecting debts. At all times relevant to this Complaint, Defendant SCOTT transacted business in Hillsborough County, Florida, and at other locations throughout the State of Florida operating as a "debt collector" as that term is defined by Florida Statute § 559.55(6).

9. Defendant, KEVIN P. STEVENSON (hereinafter "STEVENSON"), is, upon information and belief an owner, manager, officer, employee, and / or agent of Defendant PORTFOLIO RECOVERY regularly engaged in the business of collecting debts. At all times relevant to this Complaint, Defendant STEVENSON transacted business in Hillsborough County, Florida, and at other locations throughout the State of Florida operating as a "debt collector" as that term is defined by Florida Statute § 559.55(6).

10. Defendant, WILLIAM BROPHEY (hereinafter "BROPHEY"), is, upon information and belief an owner, manager, officer, employee, and / or agent of Defendant PORTFOLIO RECOVERY regularly engaged in the business of collecting debts. At all times relevant to this Complaint, Defendant BROPHEY transacted business in Hillsborough County, Florida, and at other

locations throughout the State of Florida operating as a "debt collector" as that term is defined by Florida Statute § 559.55(6).

11. Defendant, DAVID N. ROBERTS (hereinafter "ROBERTS"), is, upon information and belief an owner, manager, officer, employee, and / or agent of Defendant PORTFOLIO RECOVERY regularly engaged in the business of collecting debts. At all times relevant to this Complaint, Defendant ROBERTS transacted business in Hillsborough County, Florida, and at other locations throughout the State of Florida operating as a "debt collector" as that term is defined by Florida Statute § 559.55(6).

12. Upon information and belief, Defendants PORTFOLIO RECOVERY, FREDRICKSON, SCOTT, STEVENSON, BROPHEY and ROBERTS have functioned as a single business enterprise. The Defendants have integrated their resources to achieve a common business purpose. There has been a blurring of the identities and lines of distinctions between the Defendants.

13. Upon information and belief, Defendant FREDRICKSON is sharing in the money being collected by PORTFOLIO RECOVERY.

14. Upon information and belief, Defendant SCOTT is sharing in the money being collected by PORTFOLIO RECOVERY.

15. Upon information and belief, Defendant STEVENSON is sharing in the money being collected by PORTFOLIO RECOVERY.

16. Upon information and belief, Defendant BROPHEY is sharing in the money being collected by PORTFOLIO RECOVERY.

17. Upon information and belief, Defendant ROBERTS is sharing in the money being collected by PORTFOLIO RECOVERY.

18. Upon information and belief, the Defendants PORTFOLIO RECOVERY, FREDRICKSON, SCOTT, STEVENSON, BROPHEY and ROBERTS functioned as the alter ego of each other. The Defendants, in their business dealings, operated with unity, and the separateness of each entity has ceased to the extent that holding only one entity or person responsible would be an injustice.

19. The principal purpose of the Defendants PORTFOLIO RECOVERY, FREDRICKSON, SCOTT, STEVENSON, BROPHEY and ROBERTS is the collection of debts using the instrumentalities of interstate commerce such as the mails and telephone. Defendants regularly attempt to collect debts alleged to be due to another.

20. Plaintiff alleges that at all times herein mentioned, each of the Defendants were, and are now, the agent, servant, employee and/or other representative of the other Defendants, and that during the course and scope of the transactions herein alleged, were acting in the scope, purpose, and authority of such agency, service, employment, and/or other representative capacity with the permission, knowledge, consent, and / or ratification of the other Defendants. Any reference hereinafter to "Defendant," or "Defendants," or "Debt Collector," without further qualification, refers to each and all Defendants herein jointly and severally.

21. The debt collector(s) regularly uses the United States Mail and or instrumentalities of interstate commerce in a business, the principal purpose of which is the collection of debts; or regularly collects or attempts to collect debts for other parties. It is a "debt collector" as defined in Florida Statute § 559.55(6).

## FACTS COMMON TO ALL COUNTS

22. Defendants are the corporate entity responsible for attempting to collect a consumer debt from Plaintiff within the past two years.

23. Defendants consent to and have knowledge and control of the collection activities of their representatives, including supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors for the collection of an alleged debt allegedly owed by Plaintiff.

24. Beginning on or before August 2008 and continuing through the date of this complaint, Defendants placed numerous telephone calls to the Plaintiff's home.

25. Beginning on or before August 2008 and continuing through the date of this complaint, Plaintiff repeatedly refused to pay the debt as demanded by Defendants.

26. Beginning on or before August 2008 and continuing through the date of this complaint, Plaintiff repeatedly requested that Defendants cease placing telephone calls to Plaintiff.

27. Beginning on or before August 2008 and continuing through the date of this complaint, Defendants continued to place multiple and repeated daily telephone calls to Plaintiff.

28. Beginning on or before August 2008 and continuing through the date of this complaint, Defendants repeatedly ignored Plaintiff's requests for Defendants to cease calling the Plaintiff.

29. On or before August 18, 2008, Plaintiff requested, in writing, that Plaintiff cease and desist placing telephone calls to Plaintiff. A copy of Plaintiff's request is attached hereto as Exhibit "A".

30. Despite receiving Plaintiff's written request to cease and desist placing calls to Plaintiff, Defendant continued to place calls to Plaintiff in an attempt to collect an alleged debt.

31. In addition to the below noted dates and times, the Plaintiff asserts that Defendants called her numerous times both before and after the noted dates, despite her repeated assertions that she would not pay the debt and demand that there be no further calls.

32. On January 22, 2009, in an attempt to collect a debt, Defendants called the telephone of Plaintiff at 11:29 am and 7:40 pm.

33. On January 23, 2009, in an attempt to collect a debt, Defendants called the telephone of Plaintiff at 2:24 pm.

34. On January 24, 2009, in an attempt to collect a debt, Defendants called the telephone of Plaintiff at 4:51 pm.

35. On January 26, 2009, in an attempt to collect a debt, Defendants called the telephone of Plaintiff at 7:55 pm.

36. On January 27, 2009, in an attempt to collect a debt, Defendants called the telephone of Plaintiff at 12:23 pm.

37. On January 29, 2009, in an attempt to collect a debt, Defendants called the telephone of Plaintiff at 1:14 pm and 2:13 pm.

38. On January 30, 2009, in an attempt to collect a debt, Defendants called the telephone of Plaintiff at 6:44 pm.

39. On February 2, 2009, in an attempt to collect a debt, Defendants called the telephone of Plaintiff at 11:42 am and 8:35 pm.

40. During the month of March 2009, in an attempt to collect a debt, Defendants, on at least one occasion, called the telephone of Plaintiff.

41. During the month of April 2009, in an attempt to collect a debt, Defendants, on at least one occasion, called the telephone of Plaintiff.

42. During the month of May 2009, in an attempt to collect a debt, Defendants, on at least one occasion, called the telephone of Plaintiff.

43. During the month of June 2009, in an attempt to collect a debt, Defendants, on at least one occasion, called the telephone of Plaintiff.

44. During the month of July 2009, in an attempt to collect a debt, Defendants, on at least one occasion, called the telephone of Plaintiff.

45. Between December 2008 and July 2009, in an effort to collect a debt, Defendants called the telephone of Plaintiff no less than 100 times.

46. At no time prior to the filing of this complaint did Defendants furnish to Plaintiff, within 30 days of the assignment or otherwise, notice of the assignment.

47. Plaintiff's damages pursuant to Florida Statutes §559.77 *et seq.* have continued and are continuing as of the service of this complaint.

## COUNT I
### (Violation of the Florida Consumer Collection Practices Act)

48. Plaintiff reavers, realleges, and incorporates paragraphs 1 through 47 above as if fully set forth herein.

49. At all times relevant to this action Defendants are subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72 *et seq.*

50. Defendants violated Florida Statute § 559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse the Plaintiff.

51. Defendants violated Florida Statute § 559.72(7) by willfully engaging in conduct which can reasonably be expected to harass the Plaintiff.

52. Defendants violated Florida Statute § 559.72(7) by willfully communicating with the Plaintiff with such frequency as can reasonably be expected to harass the Plaintiff.

53. Defendants violated Florida Statute § 559.72(7) by willfully communicating with the Plaintiff with such frequency as can reasonably be expected to abuse the Plaintiff.

54. Defendants violated Florida Statute § 559.715 by failing to give the Plaintiff written notice of the assignment of the debt within 30 days after the assignment.

55. Defendants' collection harassment in this case is reasonably believed to be a system wide procedure and has damaged an unknown amount of individuals.

56. Defendants' actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as defined by Florida Statute § 559.77.

57. Plaintiff is entitled to damages sustained as a result of Defendants' failure to comply with the provisions of Florida Statute 559 *et seq.* pursuant to Florida Statute 559.77.

58. Plaintiff demands a trial by jury.

   **WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for statutory damages, actual damages, costs, interest, and attorney's fees, and such other or further relief as the Court deems proper.

## COUNT II
### (Invasion of Privacy by Intrusion Upon Seclusion)

59. Plaintiff reavers, realleges, and incorporates paragraphs 1 through 47 above as if fully set forth herein.

60. The Plaintiff had a reasonable expectation of privacy, solitude and seclusion, in Plaintiff's private concerns or affairs.

61. Defendants intentionally intruded on the Plaintiff's solitude, seclusion, and/or private affairs.

62. These intrusions and invasions by Defendants occurred in a way that would be highly offensive to a reasonable person in that position.

63. As a result of such invasions of privacy, Plaintiff suffered a severe injury and is therefore entitled to actual damages in an amount to be determined at trial from each and every Defendant.

   **WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for actual damages from each and every Defendant for the emotional distress suffered as a result of the violations of Florida Statute 559.72 *et seq.* and invasions of privacy in an amount to be determined at trial, and such other or further relief as the Court deems proper.

## COUNT III
### (Intentional Infliction of Emotional Distress)

64. Plaintiff reavers, realleges, and incorporates paragraphs 1 through 47 above as if fully set forth herein.

65. Defendants acted intentionally or recklessly while attempting to collect on the alleged debt.

66. Defendants' conduct was extreme and outrageous.

67. Defendants' conduct was directed at the Plaintiff or a third person in the Plaintiff's presence.

68. The Defendants' conduct proximately caused the Plaintiff emotional distress.

69. The emotional distress suffered by Plaintiff was severe.

**WHEREFORE** Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for an award of actual damages from each and every Defendant for the intentional infliction of emotional distress suffered as a result of the violations of Florida Statute 559.72 *et seq.* and invasions of privacy in an amount to be determined at trial, and such other or further relief as the Court deems proper.

THE CONSUMER RIGHTS LAW GROUP

James S. Giardina, Esq.
FBN: 0942421
3802 W Bay to Bay Blvd.
Suite 11
Tampa, FL 33629-6817
Tel: 813-413-5610 (direct)
Fax: 866-535-7199
Attorneys for Plaintiff

**Judith S. Kahn**

3142 88ᵗʰ Terrace South
St. Petersburg, Florida 33712

Phone: (727) 867-7110
email: jkahn44@tampabay.rr.com

August 18, 2008

Portfolio Recovery Associates, LLC
P.O. Box 12914
Norfolk, VA 23541

RE:   BFH666M020001240
and/or any additional accounts in
my name held by you.

Dear Sirs:

Please accept this as my <u>demand</u> that you immediately cease and desist from calling my home.  Apparently, your computer is set to call me at least twice daily, each and every day, seven days per week.

1.   I do not accept or reply to telephone messages delivered by computer;

2.   I am not well having suffered a brain injury plus multiple strokes and your constant calls are having a deleterious effect on my health;

3.   My husband has recently had a liver transplant and requires rest and quiet which is disturbed by these calls;

4.   You have my address and are welcome to spend your time and money sending me letters (to which I shall not reply and which I shall dispose of without opening); and

5.   Both my husband and I are barely managing to survive on disability and are unable to pay the amounts owed and will remain unable to do so for the foreseeable future.

As you can see, not only are you disturbing the essential peace and quiet of my home, you are also wasting both your time and money as, were I able and/or willing to pay this amount, I would already have done so.

Further. I am on Medicare with a State Farm supplement policy. As I have



PLAINTIFF'S
EXHIBIT
A

explained to your representatives on several occasions, Bayfront Medical Center is well aware of this.  The fact that they did not submit the billing to the correct source in a timely manner is neither my fault nor my responsibility.

Further, they are the facility which caused my brain injury and I am not at all inclined to pay them for the pain and suffering as well as the devastating personal and professional losses which they have caused me.  They are lucky that I am not inclined to sue them and let them support me in a style to which I would love to become accustomed (out of which funds I would still not pay them due to the reasons noted above).

Thank you for your anticipated prompt, reasonable and complete response to this letter.

Sincerely,


Judith S. Kahn