IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, STATE OF FLORIDA
CIRCUIT CIVIL DIVISION

**JUDITH KAHN,**

*8:10-CV-2399-T-26TGW*

          Plaintiff,

Case Number: 09-CA-027090-F

vs.

Division: F

**PORTFOLIO RECOVERY ASSOCIATES, LLC**
(a foreign limited liability company);
    and
**STEVEN D. FREDRICKSON** (individually
and d/b/a Portfolio Recovery Associates, LLC);
    and
**JUDITH S. SCOTT** (individually
and d/b/a Portfolio Recovery Associates, LLC);
    and
**KEVIN P. STEVENSON** (individually
and d/b/a Portfolio Recovery Associates, LLC);
    and
**WILLIAM BROPHEY** (individually
and d/b/a Portfolio Recovery Associates, LLC);
    and
**DAVID N. ROBERTS** (individually
and d/b/a Portfolio Recovery Associates, LLC).

          Defendants.

_____/

FILED
10 OCT 25 PM 4:18
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

## AMENDED COMPLAINT
## AND DEMAND FOR JURY TRIAL

      The Plaintiff, JUDITH KAHN, by and through the undersigned counsel, sues the Defendants PORTFOLIO RECOVERY ASSOCIATES, LLC, STEVEN D. FREDRICKSON, JUDITH S. SCOTT, KEVIN P. STEVENSON, WILLIAM BROPHEY, and DAVID N. ROBERTS and in support thereof respectfully alleges the following:

1.    This is an action for actual and statutory damages brought in response to Defendant's violations of the Florida Consumer Collection Practices Act, Florida Statute § 559.77 *et seq.* (hereinafter referred to as the "FCCPA"), the Federal Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter referred to as the "FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq.* (hereinafter referred to as the "TCPA").

## JURISDICTION AND VENUE

2. This is an action for damages that exceeds Fifteen Thousand Dollars ($15,000.00) exclusive of interest and costs.

3. This Court has jurisdiction over state law claims pursuant to Fla. Stat. § 559.77(1). Plaintiffs' causes of action under Federal law are predicated upon the same facts and circumstances that give rise to Plaintiff's State cause of action. As such, this Court has jurisdiction over Federal law claims pursuant to 47 U.S.C. §227(b)(3) and 15 U.S.C. § 1692k(d).

4. Venue is proper because the Defendants transact business in Hillsborough County, Florida; Plaintiff resides in Hillsborough County, Florida; and the alleged violations occurred in Hillsborough County Florida.

## PARTIES

5. Plaintiff, Judith Kahn, is a natural person residing in Hillsborough County, Florida and is a "consumer" as that term is defined by Fla. Stat. § 559.55(2) and 15 U.S.C. § 1692a(3).

6. At all times relevant herein, Plaintiff, Judith Kahn, was and is a "person" as defined by 47 U.S.C. § 153(32).

7. Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC (hereinafter "PORTFOLIO RECOVERY"), is a Virginia limited liability company that fails to maintain a registered agent in the State of Florida, and is not authorized by the Florida Secretary of State to conduct business in the State of Florida. Its principal place of business is 120 Corporate Blvd., Suite 100, Norfolk, Virginia 23502.

8. At all times relevant to this Complaint, Defendant PORTFOLIO RECOVERY transacted business in Hillsborough County and at other locations throughout the State of Florida, operating as a "consumer collection agency" as that term is defined by Fla. Stat. § 559.55 (7); and as a "debt collector" as that term is defined by Florida Statute § 559.55(6) and 15 U.S.C. §1692a(6).

9. Defendant, STEVEN D. FREDRICKSON (hereinafter "FREDRICKSON"), is, upon information and belief an owner, manager, officer, employee, and / or agent of Defendant PORTFOLIO RECOVERY regularly engaged in the business of collecting debts. At all times relevant to this Complaint, Defendant FREDRICKSON transacted business in Hillsborough County, Florida, and at other locations throughout the State of Florida operating as a "debt collector" as that term is defined by Florida Statute § 559.55(6) and 15 U.S.C. §1692a(6)

10. Defendant, JUDITH S. SCOTT (hereinafter "SCOTT"), is, upon information and belief an owner, manager, officer, employee, and / or agent of Defendant PORTFOLIO RECOVERY regularly engaged in the business of collecting debts. At all times relevant to this Complaint, Defendant SCOTT transacted business in Hillsborough County, Florida, and at other locations throughout the State of Florida operating as a "debt collector" as that term is defined by Florida Statute § 559.55(6) and 15 U.S.C. §1692a(6)

11. Defendant, KEVIN P. STEVENSON (hereinafter "STEVENSON"), is, upon information and belief an owner, manager, officer, employee, and / or agent of Defendant PORTFOLIO RECOVERY regularly engaged in the business of collecting debts. At all times relevant to this Complaint, Defendant STEVENSON transacted business in Hillsborough County, Florida, and at other locations throughout the State of Florida operating as a "debt collector" as that term is defined by Florida Statute § 559.55(6) and 15 U.S.C. §1692a(6)

12. Defendant, WILLIAM BROPHEY (hereinafter "BROPHEY"), is, upon information and belief an owner, manager, officer, employee, and / or agent of Defendant PORTFOLIO RECOVERY regularly engaged in the business of collecting debts. At all times relevant to this Complaint, Defendant BROPHEY transacted business in Hillsborough County, Florida, and at other locations throughout the State of Florida operating as a "debt collector" as that term is defined by Florida Statute § 559.55(6) and 15 U.S.C. §1692a(6)

13. Defendant, DAVID N. ROBERTS (hereinafter "ROBERTS"), is, upon information and belief an owner, manager, officer, employee, and / or agent of Defendant PORTFOLIO RECOVERY regularly engaged in the business of collecting debts. At all times relevant to this Complaint, Defendant ROBERTS transacted business in Hillsborough County, Florida, and at other locations throughout the State of Florida operating as a "debt collector" as that term is defined by Florida Statute § 559.55(6) and 15 U.S.C. §1692a(6)

14. Upon information and belief, Defendants PORTFOLIO RECOVERY, FREDRICKSON, SCOTT, STEVENSON, BROPHEY and ROBERTS have functioned as a single business enterprise. The Defendants have integrated their resources to achieve a common business purpose. There has been a blurring of the identities and lines of distinctions between the Defendants.

15. Upon information and belief, Defendants FREDRICKSON is sharing in the money being collected by PORTFOLIO RECOVERY.

16. Upon information and belief, Defendant SCOTT is sharing in the money being collected by PORTFOLIO RECOVERY.

17. Upon information and belief, Defendant STEVENSON is sharing in the money being collected by PORTFOLIO RECOVERY.

18. Upon information and belief, Defendant BROPHEY is sharing in the money being collected by PORTFOLIO RECOVERY.

19. Upon information and belief, Defendant ROBERTS is sharing in the money being collected by PORTFOLIO RECOVERY.

20. Upon information and belief, the Defendants PORTFOLIO RECOVERY, FREDRICKSON, SCOTT, STEVENSON, BROPHEY and ROBERTS functioned as the alter ego of each other. The Defendants, in their business dealings, operated with unity, and the separateness of each entity has ceased to the extent that holding only one entity or person responsible would be an injustice.

21. The principal purpose of the Defendants PORTFOLIO RECOVERY, FREDRICKSON, SCOTT, STEVENSON, BROPHEY and ROBERTS is the collection of debts using the instrumentalities of interstate commerce such as the mails and telephone. Defendants regularly attempt to collect debts alleged to be due to another.

22. Plaintiff alleges that at all times herein mentioned, each of the Defendants were, and are now, the agent, servant, employee and/or other representative of the other Defendants, and that during the course and scope of the transactions herein alleged, were acting in the scope, purpose, and authority of such agency, service, employment, and/or other representative capacity with the permission, knowledge, consent, and / or ratification of the other Defendants. Any reference hereinafter to "Defendant," or "Defendants," or "Debt Collector," without further qualification, refers to each and all Defendants herein jointly and severally.

23. The debt collector(s) regularly uses the United States Mail and or instrumentalities of interstate commerce in a business, the principal purpose of which is the collection of debts; or regularly collects or attempts to collect debts for other parties. It is a "debt collector" as defined in Florida Statute § 559.55(6).

24. Defendants, at all times relevant herein, owned, operated and / or controlled "customer premises equipment" as defined by 47 U.S.C. § 153(14), that originated, routed, and/or terminated telecommunications.

25. Defendants, at all times relevant herein, have used the United States mail service, telephone, telegram and other instrumentalities of interstate and intrastate commerce to attempt to collect consumer debt allegedly owed to another.

26. Defendants, at all times relevant herein, have engaged in "interstate communications" as that term is defined by 47 U.S.C. § 153(22).

27. Defendants, at all times relevant herein, have engaged in "telecommunications" as that term is defined by 47 U.S.C. § 153(43).

28. Defendants, at all times relevant herein, used, controlled, and / or operated "wire communications" as defined by TCPA, 47 U.S.C. § 153(52), that existed as instrumentalities of interstate commerce

29. Defendants, at all times relevant herein, used, controlled, and / or operated "automatic telephone dialing systems" as defined by TCPA, 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

30. The acts of the Defendants alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

31. Defendants consent to and have knowledge and control of the collection activities of their representatives, including supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors for the collection of an alleged debt allegedly owed by Plaintiff.

## FACTS COMMON TO ALL COUNTS

32. Plaintiff incurred, or is alleged by Defendant to have incurred, a debt.  The debt is hereinafter referred to as "the subject debt".

33. The subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by Fla. Stat. § 559.55(1) and 15 U.S.C. §1692a(5).

34. Plaintiff thereafter defaulted on the subject debt, or is alleged by Defendant to have thereafter defaulted on the subject debt.

35. After Plaintiff's default under the subject debt, the original creditor employed Defendant to attempt to collect the subject debt or Defendant purchased, acquired, or otherwise obtained an assignment or right to collect the subject debt.

36. At no time prior to the filing of this complaint did Defendants furnish to Plaintiff, within 30 days of the assignment or otherwise, notice of the assignment of the alleged debt from the original creditor to Plaintiff.

37. At no time prior to the filing of this complaint did Plaintiff furnish to Defendant, consent to call the telephone of Plaintiff.

38. At all times pertinent to this complaint, Plaintiff's telephone number was registered on the National Do Not Call registry.

39. Beginning on or before August 2008 and continuing through the date of this complaint, Defendants placed numerous telephone calls to the Plaintiff's home.

40. Beginning on or before August 2008 and continuing through the date of this complaint, Plaintiff repeatedly refused to pay the debt as demanded by Defendants.

41. Beginning on or before August 2008 and continuing through the date of this complaint, Plaintiff repeatedly requested that Defendants cease placing telephone calls to Plaintiff.

42. Beginning on or before August 2008 and continuing through the date of this complaint, Defendants continued to place multiple and repeated daily telephone calls to Plaintiff.

43. Beginning on or before August 2008 and continuing through the date of this complaint, Defendants repeatedly ignored Plaintiff's requests for Defendants to cease calling the Plaintiff.

44. On or before August 18, 2008, Plaintiff again informed Defendant that she did not consent to Defendant's telephone calls and requested, in writing, that Defendant cease and desist placing telephone calls to Plaintiff. A copy of Plaintiff's request is attached hereto as Exhibit "A".

45. In the written correspondence sent by Plaintiff to Defendant on or before August 18, 2008, and attached hereto as Exhibit "A", Plaintiff requested that Defendant cease and desist placing calls to Plaintiff.

46. Despite receiving Plaintiff's written request to cease and desist placing calls to Plaintiff, Defendant continued to place calls to Plaintiff.

47. In the written correspondence sent by Plaintiff to Defendant on or before August 18, 2008, and attached hereto as Exhibit "A", Plaintiff put Defendant on notice that Plaintiff's telephone number was registered with the National Do Not Call registry.

48. Despite Defendants' receipt of Plaintiff's notice that Plaintiff's telephone number was registered with the National Do Not Call registry, the Defendant continued to place telephone calls to Plaintiff.

49. In the written correspondence sent by Plaintiff to Defendant on or before August 18, 2008, and attached hereto as Exhibit "A", Plaintiff put Defendant on notice that Plaintiff does not consent to receiving any telephone calls from Defendant.

50. Despite Defendants' receipt of notice that Plaintiff did not consent to receiving any telephone calls from Defendant, the Defendant continued to place telephone calls to Plaintiff.

51. On numerous occasions both prior to and after August 18, 2010, Plaintiff gave verbal notice to Defendant over the telephone that Plaintiff wished Defendant to cease and desist placing telephone calls to Plaintiff.

52. On numerous occasions both prior to and after August 18, 2010, Plaintiff gave verbal notice to Defendant over the telephone that Plaintiff's telephone number was registered with the National Do Not Call registry.

53. On numerous occasions both prior to and after August 18, 2010, Plaintiff put Defendant on notice that Plaintiff does not consent to receiving any telephone calls from Defendant.

54. Despite Defendants' receipt of notice that Plaintiff did not consent to receiving any telephone calls from Defendant, the Defendant continued to place telephone calls to Plaintiff.

55. In addition to the below noted dates and times, the Plaintiff asserts that Defendants called her numerous times both before and after the noted dates, despite her repeated assertions that she would not pay the debt, demanded that Defendant cease and desist further calls, informed Defendant that Plaintiff did not consent to any telephone calls or withdrew any previous consent that had been given, and registered Plaintiff's telephone number with the National do not Call Registry.

56. In many of the telephone calls made to Plaintiff's telephone, both before and after her oral and written requests to Defendant to stop calling her, Defendant transmitted a prerecorded voice message to Plaintiff's telephone.

57. Plaintiff never gave Defendant or Defendant's predecessor in interest express consent to call her telephone.

58. Even if Plaintiff had provided Defendant or its predecessor in interest express consent to call her telephone, such consent was unequivocally revoked by Plaintiff's aforementioned oral and written requests that Defendant stop calling her.

59. Plaintiff found the telephone calls made to her after her oral and written requests to stop calling her to be harassing in nature.

60. Upon information and belief, between August 2008 and February 2009, Defendants called the telephone of Plaintiff no less than 525 times.

61. Between March 2009 and July 2009, Defendants called the telephone of Plaintiff no less than 300 times.

62. Upon information and belief, between July 2009 and the present date, Defendants called the telephone of Plaintiff no less than 225 times.

63. Many of the calls made to Plaintiff after her oral and written requests to stop calling her were made to her at times that she found inconvenient to her.

64. The acts and/or omissions of the Defendant as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

65. Plaintiff found the telephone calls made to her after her oral and written requests to stop calling her to be harassing in nature.

66. As a result of Defendant's acts and/or omissions, Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

67. The acts and/or omissions of the Defendant at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

68. As a causally-direct and legally proximate result of the above, the Defendant caused Plaintiff to sustain damages as a result of their innumerable telephone calls that harassed, annoyed and abused said Plaintiff's, and disturbed her peace and tranquility at home and elsewhere.

69. As a causally-direct and legally proximate result of the above, the Defendant caused the Plaintiff to sustain damages and experience severe emotional distress.

## COUNT I
### (Fair Debt Collection Practices Act and 15 U.S.C. § 1692 *et seq.*)

70. Plaintiff reavers, realleges, and incorporates paragraphs 1 through 69 above as if fully set forth herein.

71. At all times relevant to this action Defendants are subject to and must abide by the laws of the United States of America, including 15 U.S.C. § 1692 *et seq.*

72. The conduct of Defendants as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 *et seq.*) as follows:

A. Defendant violated 15 USC § 1692c by calling the telephone of Plaintiff after being put on notice that such telephone calls were inconvenient to the Plaintiff.

B. Defendant violated 15 USC § 1692c(a)(1) by communicating with the Plaintiff at a time or place which was known by Defendant to be inconvenient to the Plaintiff.

C. Defendant violated 15 USC § 1692c(c) by communicating with the Plaintiff after being notified in writing that the Plaintiff refuses to pay the debt.

D. Defendant violated 15 USC § 1692c(c) by communicating with the Plaintiff after being notified in writing that the Plaintiff wishes the Defendant to cease further communication.

E. Defendant violated 15 USC § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

F. Defendant violated 15 USC § 1692d(5) by causing a telephone to ring repeatedly or continuously in a manner the natural consequence of which is to annoy, abuse, or harass any person at the called number.

G. Defendant violated 15 USC § 1692d(5) by engaging any person in telephone conversation repeatedly or continuously in a manner the natural consequence of which is to annoy, abuse, or harass any person at the called number.

H. Defendant violated 15 USC § 1692d(6) by placing telephone calls without meaningful disclosure of the caller's identity.

I. Defendant violated 15 USC § 1692f by using unfair or unconscionable means to collect or attempt to collect an alleged debt.

73. Defendants' actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as defined by 15 USC § 1692k *et seq*.

74. Plaintiff's damages pursuant to 15 USC § 1692 *et seq*. have continued and are continuing as of the service of this complaint.

75. Plaintiff is entitled to actual damages and attorney's fees sustained as a result of Defendant's failure to comply with the provisions of 15 U.S.C. 1692 *et seq* pursuant to 15 USC § 1692k.

76. Plaintiff demands a Trial by Jury.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for statutory damages, actual damages, costs, interest, and attorney's fees, and such other or further relief as the Court deems proper.

## COUNT II
### (Florida Consumer Collection Practices Act and 559.72 *et seq.*)

77. Plaintiff reavers, realleges, and incorporates paragraphs 1 through 69 above as if fully set forth herein.

78. At all times relevant to this action Defendants are subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72 *et seq.*

79. The conduct of Defendants as described in this complaint violated the Florida Consumer Collection Practices Act (Fla. Stat. § 559.72 et seq.) as follows:

   A. Defendants violated Florida Statute § 559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse the Plaintiff.

   B. Defendants violated Florida Statute § 559.72(7) by willfully engaging in conduct which can reasonably be expected to harass the Plaintiff.

   C. Defendants violated Florida Statute § 559.72(7) by willfully communicating with the Plaintiff with such frequency as can reasonably be expected to harass the Plaintiff.

   D. Defendants violated Florida Statute § 559.72(7) by willfully communicating with the Plaintiff with such frequency as can reasonably be expected to abuse the Plaintiff.

   E. Defendant violated Florida Statute § 559.72(9) by threatening to assert a legal right that does not exist.

   F. Defendant violated Florida Statute § 559.72(9) by claiming, attempting, threatening and/ or asserting the existence of a legal right that does not exist.

   G. Defendants violated Florida Statute § 559.715 by failing to give the Plaintiff written notice of the assignment of the debt within 30 days after the assignment.

   H. Defendants' collection harassment in this case is reasonably believed to be a system wide procedure and has damaged an unknown amount of individuals.

80. Defendants' actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as defined by Florida Statute § 559.77.

81. Plaintiff's damages pursuant to Florida Statutes §559.77 *et seq.* have continued and are continuing as of the service of this complaint.

82. Plaintiff is entitled to damages sustained as a result of Defendants' failure to comply with the provisions of Florida Statute 559 *et seq.* pursuant to Florida Statute 559.77.

83. Plaintiff demands a trial by jury.

   **WHEREFORE,** Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for statutory damages, actual damages, costs, interest, and attorney's fees, and such other or further relief as the Court deems proper.

## COUNT III
### (Telephone Consumer Protection Act, 47 U.S.C.§227 *et seq.* and 47 C.F.R. 64.1200 *et seq.*)

84. Plaintiff reavers, realleges, and incorporates paragraphs 1 through 69 above as if fully set forth herein.

85. At all times relevant to this action Defendants are subject to and must abide by the laws of the United States of America, including 47 U.S.C.§227.

86. Defendants, at all relevant times herein, used, controlled and/or operated "automatic telephone dialing systems" as defined by the TCPA, 47 U.S.C.§227(a)(1) and 47 C.F.R. 64.1200(f)(1).

87. Plaintiff never gave Defendant or Defendant's predecessor in interest express consent to call her telephone.

88. Even if Plaintiff had provided Defendant or Defendant's predecessor in interest express consent to call her telephone, such consent was unequivocally revoked by Plaintiff's aforementioned oral and written requests that Defendant stop calling her.

89. Despite Defendants' receipt of Plaintiff's oral and written requests that they stop calling her, the Defendant continued to place telephone calls to Plaintiff.

90. Despite Defendants' receipt of Plaintiff's notice that her telephone was registered with the National Do Not Call registry, the Defendant continued to place telephone calls to Plaintiff.

91. Despite Defendants' receipt of notice that Plaintiff did not consent to receiving any telephone calls from Defendant, the Defendant continued to place telephone calls to Plaintiff.

92. None of the telephone calls made by Defendant to Plaintiff were made for emergency purposes.

93. The Defendant unfairly, unlawfully, intentionally, deceptively and/or fraudulently violated the TCPA, 47 U.S.C.§227, *et seq.*, 47 C.F.R.14.1200, *et seq.*, and 47 U.S.C.§227(b)(1)(B) by initiating telephone calls to Plaintiff's telephone using an artificial and/or prerecorded voice without the express consent of Plaintiff, or in the alternative, after Plaintiff revoked any consent that may have been given

94. The acts and/or omissions of the Defendant at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

95. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this Complaint, caused Plaintiff to sustain damages as a result of their innumerable telephone calls that harassed, annoyed and abused said Plaintiff's, and disturbed her peace and tranquility at home and elsewhere.

96. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this Complaint, caused the Plaintiff to sustain damages and experience severe emotional distress.

97. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this Complaint, is liable to Plaintiff for actual damages, statutory damages, treble damages, and costs and attorneys fees.

98. Plaintiff received multiple telephone calls from an automatic telephone dialing system and/or an artificial and/or prerecorded voice entitling Plaintiff to Five Hundred Dollars and No Cents ($500.00) for each artificial and/or prerecorded telephone call pursuant to the TCPA, 47 U.S.C.§227(b)(3)(B).

99. The Defendant caused said telephone calls of an artificial and/or prerecorded nature to be placed willfully and/or knowingly entitling Plaintiff to treble damages, pursuant to TCPA, 47 U.S.C.§227(b)(3).

100. The conduct of Defendants as described in this complaint violated the Telephone Consumer Protection Act, 47 U.S.C.§227 *et seq.* and 47 C.F.R. 64.1200 *et seq.*

101. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for statutory damages of $500 per telephone call made pursuant to 47 U.S.C. sec 223(b)(3)(B); Treble statutory damages for each telephone call made in violation the TCPA pursuant to 47 U.S.C. §227b(3); actual damages, costs, interest, and attorney's fees, and such

other or further relief as the Court deems proper.

## COUNT IV
### (Invasion of Privacy by Intrusion Upon Seclusion)

102. Plaintiff reavers, realleges, and incorporates paragraphs 1 through 69 above as if fully set forth herein.

103. The Plaintiff had a reasonable expectation of privacy, solitude and seclusion, in Plaintiff's private concerns or affairs.

104. Defendants intentionally intruded on the Plaintiff's solitude, seclusion, and/or private affairs.

105. These intrusions and invasions by Defendants occurred in a way that would be highly offensive to a reasonable person in that position.

106. As a result of such invasions of privacy, Plaintiff suffered a severe injury and is therefore entitled to actual damages in an amount to be determined at trial from each and every Defendant.

107. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for actual damages from each and every Defendant for invasions of privacy suffered by the Plaintiff as a result of the conduct of Defendant in an amount to be determined at trial, and such other or further relief as the Court deems proper.

## COUNT V
### (Intentional Infliction of Emotional Distress)

108. Plaintiff reavers, realleges, and incorporates paragraphs 1 through 69 above as if fully set forth herein.

109. Defendants acted intentionally or recklessly while attempting to collect on the alleged debt.

110. Defendants' conduct was extreme and outrageous.

111. Defendants' conduct was directed at the Plaintiff or a third person in the Plaintiff's presence.

112. The Defendants' conduct proximately caused the Plaintiff emotional distress.

113. The emotional distress suffered by Plaintiff was severe.

114. Plaintiff demands a trial by jury.

**WHEREFORE** Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for an award of actual damages from each and every Defendant for the intentional infliction of emotional distress suffered as a result of the conduct of Defendant in an amount to be determined at trial, and such other or further relief as the Court deems proper.

THE CONSUMER RIGHTS LAW GROUP

James S. Giardina, Esq.
FBN: 0942421
3802 W Bay to Bay Blvd.
Suite 11
Tampa, FL 33629-6817
Tel: 813-413-5610 (direct)
Fax: 866-535-7199
*Attorney for Plaintiff*

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, STATE OF FLORIDA
CIRCUIT CIVIL DIVISION

JUDITH KAHN,

|                    | Plaintiff, | **Case Number:** 09-CA-027090-F |

vs.

**Division: F**

PORTFOLIO RECOVERY ASSOCIATES, LLC
(a foreign limited liability company), *et al,*

                       Defendants.
_____/

## NOTICE OF FILING AMENDED COMPLAINT

      The undersigned herby gives Notice that no responsive pleading has been served by Defendant or Defendant's counsel, and that pursuant to Florida Rule of Civil Procedure 1.190(a), the undersigned has caused to be filed with the Court the following:

### AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

                                     Respectfully Submitted,

                                     James S. Giardina
                                   Florida Bar No: 942421
                                   THE CONSUMER RIGHTS LAW GROUP
                                   3802 Bay to Bay Blvd., Suite 11
                                   Tampa, FL 33629
                                   Tel: (813) 435-5055
                                   Fax: (866) 535-7199
                                   *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true copy of the foregoing has been furnished by U.S. Mail delivery to R. Frank Springfield, Esquire, Burr and Forman LLP, *Attorney for Defendants*, 420 North 20th Street, Suite 3400, Birmingham, AL 35203, on this 5th day of October, 2010.

                                   James S. Giardina

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, STATE OF FLORIDA
CIRCUIT CIVIL DIVISION

JUDITH KAHN,

                        Plaintiff,                          Case Number: 09-CA-027090-F

vs.                                                          Division: F

PORTFOLIO RECOVERY ASSOCIATES, LLC
(a foreign limited liability company) *et al*;

                        Defendants.
_____/

UNOPPOSED MOTION TO INCORPORATE
EXHIBIT INTO AMENDED COMPLAINT

        COMES NOW, The Plaintiff, JUDITH KAHN, by and through the undersigned counsel, and hereby requests that this Court issue an Order incorporating the attached exhibit as Exhibit "A" in Plaintiff's Amended Complaint filed on October 6, 2010, and as grounds therefore would state as follows:

1.  Plaintiff's Original Complaint, filed on October 26, 2009, contains an attached exhibit referenced and incorporated as Exhibit "A" at paragraph 29 thereof.

2.  Plaintiff's Amended Complaint, filed on October 6, 2010, also references and incorporates and exhibit as Exhibit "A" at paragraph 44 thereof, however, the undersigned failed to attach such exhibit at the time of filing.

3.  After serving the Amended Complaint, Plaintiff's attorney, Frank Springfield, Esq., informed the undersigned that the exhibit was not attached to the Amended Complaint.

4.  A copy of the Exhibit is attached hereto as Exhibit "A"

5.  The undersigned has discussed the matter with counsel for Plaintiff, and he is not opposed to incorporating the attached exhibit as Exhibit "A" to the amended complaint.

        WHEREFORE, Plaintiff prays that this Court issue an Order incorporating the exhibit attached hereto as Exhibit "A" into the Amended Complaint filed on October 6, 2010, and

identifying said exhibit as Exhibit "A", as referenced and incorporated by paragraph 44 of the Amended Complaint.

Respectfully submitted this 5 day of October, 2010.

James S. Giardina, Esq.
FBN: 0942421
3802 W Bay to Bay Blvd.
Suite 11
Tampa, FL 33629-6817
Tel: 813-413-5610 (direct)
Fax: 866-535-7199
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via U.S. Mail to R. Frank Springfield, Esq., Burr Forman LLP, 420 North 20th Street, Suite 3400, Birmingham, AL 35203, on this 15 day of October, 2010.

James S. Giardina, Esq.
FBN: 0942421
3802 W Bay to Bay Blvd.
Suite 11
Tampa, FL 33629-6817
Tel: 813-413-5610 (direct)
Fax: 866-535-7199
*Attorneys for Plaintiff*

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, STATE OF FLORIDA
CIRCUIT CIVIL DIVISION

JUDITH KAHN,

                           Plaintiff,                                  Case Number: 09-CA-027090-F

vs.                                                      Division: F

PORTFOLIO RECOVERY
ASSOCIATES, LLC, *et al*,

                            Defendants.

_____/

### NOTICE OF FILING EXHIBIT TO AMENDED COMPLAINT

COMES NOW, The Plaintiff, JUDITH KAHN, by and through the undersigned counsel, and hereby states as follows:

1.    Plaintiff filed her Original Complaint on October 26, 2009, containing an attached exhibit (Exhibit "A"), referenced and incorporated at paragraph 29 of the Original Complaint.

2.    On October 6, 2010, Plaintiff filed her Amended Complaint, which referenced and incorporated the same exhibit (Exhibit "A") at Paragraph 44 of the Amended Complaint.

3.    After serving the Amended Complaint, Plaintiff's attorney, Frank Springfield, Esq., informed the undersigned that he failed to attach the exhibit (Exhibit "A") referenced and incorporated at Paragraph 44 of the Amended Complaint.

4.    Attached hereto is a true and correct copy of the exhibit (Exhibit "A") referenced and incorporated at paragraph 29 of the Original Complaint, and at Paragraph 44 of the Amended Complaint.

5.    The undersigned has discussed the matter with counsel for Plaintiff, and he is not opposed to incorporating the attached exhibit as Exhibit "A" to the amended complaint.

Respectfully Submitted,

James S. Giardina, Esq.
FBN: 0942421
3802 W Bay to Bay Blvd.
Suite 11
Tampa, FL 33629-6817
Tel: 813-413-5610 (direct)
*Attorneys for Plaintiff*

**Judith S. Kahn**

3142 68ᵗʰ Terrace South
St. Petersburg, Florida 33712

Phone: (727) 867-7110
email: jkahn44@tampabay.rr.com

August 18, 2008

Portfolio Recovery Associates, LLC
P.O. Box 12914
Norfolk, VA 23541

RE:  BFH666M020001240
and/or any additional accounts in
my name held by you.

Dear Sirs:

Please accept this as my **demand** that you immediately cease and desist from calling my home.  Apparently, your computer is set to call me at least twice daily, each and every day, seven days per week.

1.  I do not accept or reply to telephone messages delivered by computer;

2.  I am not well having suffered a brain injury plus multiple strokes and your constant calls are having a deleterious effect on my health;

3.  My husband has recently had a liver transplant and requires rest and quiet which is disturbed by these calls;

4.  You have my address and are welcome to spend your time and money sending me letters (to which I shall not reply and which I shall dispose of without opening); and

5.  Both my husband and I are barely managing to survive on disability and are unable to pay the amounts owed and will remain unable to do so for the foreseeable future.

As you can see, not only are you disturbing the essential peace and quiet of my home, you are also wasting both your time and money as, were I able and/or willing to pay this amount, I would already have done so.

Further, I am on Medicare with a State Farm supplement policy.  As I have



explained to your representatives on several occasions, Bayfront Medical Center is well aware of this.  The fact that they did not submit the billing to the correct source in a timely manner is neither my fault nor my responsibility.

Further, they are the facility which caused my brain injury and I am not at all inclined to pay them for the pain and suffering as well as the devastating personal and professional losses which they have caused me.  They are lucky that I am not inclined to sue them and let them support me in a style to which I would love to become accustomed (out of which funds I would still not pay them due to the reasons noted above).

Thank you for your anticipated prompt, reasonable and complete response to this letter.

Sincerely,


Judith S. Kahn