UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Case No.: 10-02399-Civ-Lazzara/Wilson

JUDITH S. KAHN and
STEVEN A. ROSEN,

      Plaintiffs,

v.

PORTFOLIO RECOVERY
ASSOCIATES, LLC.

      Defendant.

_____/

## SECOND AMENDED COMPLAINT
## JURY DEMAND

1.    Plaintiffs allege violation the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq*. ("TCPA").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §1332. Venue in this District is proper because Plaintiffs reside here and Defendant placed telephone calls into this District.

3.    This Court has diversity jurisdiction. The citizenship of both Plaintiffs is Florida and the citizenship of the Defendant is Virginia. Plaintiffs allege 900 violations of the TCPA. The TCPA provides for damages of up to $1,500 per violation. Accordingly, the amount in controversy is $1,350,000, in excess of the threshold amount required to establish diversity jurisdiction of $75,000.

## PARTIES

4.      Plaintiffs, JUDITH S. KAHN and STEVEN A. ROSEN, are natural persons, and citizens of the State of Florida, residing in Pinellas County, Florida.

5.      Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC. ("Portfolio"), is a limited liability company and citizen of the State of Virginia with its principal place of business at Suite 100, 120 Corporate Boulevard, Norfolk, Virginia 23502.

6.      Defendant is a "debt collector" as defined in the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA").

## FACTUAL ALLEGATIONS

7.      Ms. Kahn and Mr. Rosen were previously husband and wife, having divorced around 1980, however, they have shared a residence since their divorce.

8.      Sometime during 2002, Ms. Kahn, then a practicing attorney, developed a medical problem that required her hospitalization and subsequent surgery.

9.      As a result of medical negligence, Ms. Kahn suffered brain damage and has since been declared fully disabled by the Social Security Administration and was unable to resume her career as an attorney. She remains disabled and is unable to maintain employment.

10.    At the time of her hospitalization, Ms. Kahn was fully insured with respect to her health care.

11.    For reasons unknown to her, one of Ms. Kahn's medical providers, Bayfront Medical Center, the hospital in which she had the 2002 surgery, either did not submit a medical claim to Ms. Kahn's health insurer or was otherwise not paid and that medical provider apparently turned over the alleged debt to Defendant for collection purposes.

12.    Approximately August 2007, Defendant commenced the placement of telephone calls using a pre-recorded or artificial message to telephone number 727-867 -####. At the time Defendant commenced its telephone calls, the statute of limitations on the alleged debt had expired.

13.    At the time Ms. Kahn had her 2002 surgery, telephone number 727-867-#### was registered in Ms. Kahn's name. Sometime during 2005, Ms. Kahn and Mr. Rosen moved to a new residence and Ms. Kahn terminated her ownership of telephone number 727-867-####. At that time, Mr. Rosen had the telephone number put into his name.

14.    Defendant telephoned Ms. Kahn, often daily, even though she repeatedly requested that Defendant stop calling her. On August 18, 2008, Ms. Kahn sent Defendant a letter demanding that Defendant cease calling her. A copy of which is attached as Exhibit "A". Ms. Kahn requested that Defendant cease

3

calling her as the calls were disruptive not only to her own health and well-being, but also to Mr. Rosen – whom she refers to as her husband – whose then recent liver transplant required rest and quiet and who was disturbed the continuing calls. Ms. Kahn informed the Defendant that she had been a victim of medical malpractice and thus she refused to pay the alleged debt, yet Defendant continued to call. Ms. Kahn welcomed Defendant to continue its collection efforts via US Mail, but expressly demanded that the telephone calls cease.

15.    Under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA") once a consumer, as Ms. Kahn is here, notifies a debt collector, which Defendant is here, that the consumer refuses to pay the alleged debt or that the consumer wishes the debt collector to cease further communication, the debt collector is obligated to cease all communications to the consumer including telephone calls. 15 U.S.C. §1692c(c). In addition, the FDCPA also prohibits a debt collector from communicating with a consumer at any time or place known to be inconvenient to the consumer. 15 U.S.C. §1692c(a)(1).

16.    Ms. Kahn's continuous verbal requests and her written request for Defendant to cease calling her ends any inference that she may have consented to Defendant's calls placed with a pre-recorded or artificial voice.

17.    Because the alleged debt Defendant was attempting to collect was time-barred, any business relationship between Ms. Kahn and the original creditor

had expired or was otherwise extinguished, which ends any inference that she may have consented to Defendant's calls placed with a pre-recorded or artificial voice.

18.     Bayfront Medical Center presumably provided Ms. Kahn's then telephone number to Defendant for the purpose of collecting the debt, in violation of federal law.

19.     Bayfront Medical Center is authorized under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), §§ 261-264, Public Law 104-191, 110 Stat. 2033-2034 (codified at 42 U.S.C. §§ 1320d - 1320d-8) to provide a patient's protected health information to a debt collector for purposes of collecting an alleged debt, however, the medical provider is allowed to provide *only* the minimum amount of protected health information necessary to collect the debt. Under HIPAA regulations, a patient's telephone number is considered protected health information. A patient's telephone number goes beyond the minimum amount of protected health information necessary to collect a debt. An alleged medical debt can be collected through litigation. Litigation does not require the patient's telephone number. An alleged medical debt can be collected by the mailing of debt collection letters. The mailing of debt collection letters does not require a patient's telephone number. The Fair Debt Collection Practices Act governs the collection of consumer debts in the United States and it does not require debts be collected via telephone calls. The FDCPA does require a debt

collector to send written notice via US Mail to a consumer from whom it is attempting to collect a debt. Thus, Bayfront Medical Center's provision of Ms. Kahn's then telephone number to Defendant, or any other intermediary, for the purpose of debt collection is prohibited by law, which ends any inference that she may have consented to Defendant's subsequently placed calls using a pre-recorded or artificial voice.

20.     Mr. Rosen is not liable for Ms. Kahn's alleged medical debt, nor did he provide his telephone number to Defendant or to Ms. Kahn's medical providers. Mr. Rosen has no business relationship with Defendant or with Bayfront Medical Center. Thus, to the extent Defendant's calls were placed to Mr. Rosen as the registered owner of telephone number 727-867-####, Plaintiffs plead in the alternative that Defendant's calls violated the TCPA with respect to Mr. Rosen.

21.     To the extent that telephone number 727-867-#### is Mr. Rosen's number, Defendant's calls to that number were made in an effort to use Mr. Rosen as an intermediary means of contacting Ms. Kahn, and thus the purpose of Defendant's calls to Mr. Rosen is a commercial purpose.

22.     Telephone number 727-867-#### was on the National Do-Not-Call Registry at the time Defendant placed its calls.

23.    Defendant used a pre-recorded or artificial voice to place approximately 900 telephone calls to telephone number 727-867-####, seeking to collect a medical debt allegedly due by Ms. Kahn.

24.    Mr. Rosen did not expressly consent to Defendant's placement of telephone calls to his telephone number by the use of a pre-recorded or artificial voice prior to Defendant's placement of the calls.

25.    None of Defendant's telephone calls were placed for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

26.    Defendant willfully or knowingly violated the TCPA.

## COUNT I
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, REGARDING MS. KAHN

27.    Plaintiff incorporates Paragraphs 1 through 26.

28.    Defendant placed non-emergency telephone calls to Ms. Kahn using a pre-recorded or artificial voice without Plaintiff's prior express consent in violation of 47 U.S.C § 227 (b)(1)(B).

WHEREFORE, Plaintiff, Ms. Kahn, requests that the Court enter judgment in her favor and against Defendant for:

a.    Damages;

b.    a declaration that Defendant's calls violate the TCPA;

7

    c.      a permanent injunction prohibiting Defendant from placing non-emergency calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without the prior express consent of the called party; and

    d.      Such other or further relief as the Court deems proper.

**COUNT II**
**VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT,**
**REGARDING MR. ROSEN**

29.    Plaintiff incorporates Paragraphs 1 through 26.

30.    Defendant placed non-emergency telephone calls to Mr. Rosen using a pre-recorded or artificial voice without Plaintiff's prior express consent in violation of 47 U.S.C § 227 (b)(1)(B). See *Watson v. NCO Group, Inc.*, 462 F. Supp. 2d 641, 643 (E. D. Pa. 2006).

WHEREFORE, Plaintiff, Mr. Rosen, requests that the Court enter judgment in his favor and against Defendant for:

    a.      Damages;

    b.      a declaration that Defendant's calls violate the TCPA;

    c.      a permanent injunction prohibiting Defendant from placing non-emergency calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without the prior express consent of the called party; and

     d.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.


Respectfully submitted,

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Fort Lauderdale, Florida 33339
Telephone: (954) 537-2000
Facsimile: (954) 566-2235
donyarbrough@mindspring.com

s/Donald A. Yarbrough
Donald A. Yarbrough, Esq.
Florida Bar No. 0158658

JAMES S. GIARDINA, ESQ.
Attorney for Plaintiff
Suite 11
3802 West Bay To Bay Boulevard
Tampa, FL 33629
james@consumerrightslawgroup.com

9

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Case No.: 10-02399-Civ-Lazzara/Wilson

JUDITH S. KAHN and
STEVEN A. ROSEN,

      Plaintiffs,

v.

PORTFOLIO RECOVERY
ASSOCIATES, LLC.

      Defendant.

_____/


## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on <u>December 3, 2010</u>, I certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified.

<u>s/Donald A. Yarbrough</u>
Donald A. Yarbrough, Esq.

## SERVICE LIST

Mr. R. Frank Springfield, Esq.
Burr & Forman LLP
420 North 20th Street
Suite 3400
Birmingham, Al 35203
Telephone: 205-458-5187
Facsimile: 205-244-5707

<u>Via Notices of Electronic Filing generated by CM/ECF</u>