**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**JUDITH S. KAHN and STEVEN A. ROSEN,**

        **Plaintiffs,**

**-v-**

                             **Case No.: 8:10-cv-02399-RAL-TGW**

**PORTFOLIO RECOVERY ASSOCIATES, LLC,**

        **Defendant.**

_____/

**DEFENDANT PORTFOLIO RECOVERY ASSOCIATES, LLC'S
MOTION TO DISMISS
AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

COMES NOW defendant Portfolio Recovery Associates, LLC ("PRA"), by and through its undersigned counsel, and pursuant to Fed. R. Civ. P. 12(b)(6), hereby files its motion to dismiss plaintiffs Judith S. Kahn ("Ms. Kahn") and Steven A. Rosen's (Mr. Rosen) (collectively "Plaintiffs") second amended complaint with prejudice. In support of its motion, PRA states as follows:

## I. INTRODUCTION

Plaintiffs' complaint must be dismissed because the Telephone Consumer Collection Practices Act ("TCPA") does not prohibit PRA's prerecorded debt collection calls. Plaintiffs filed a Second Amended Complaint ("SAC") against PRA on December 3, 2010, alleging violations of the TCPA by PRA. Specifically, the SAC alleges that PRA violated 47 U.S.C. § 227(b)(1)(B) of the TCPA by leaving messages on Plaintiffs'

phone using a prerecorded or artificial voice.[1] [*See* Doc. 22, ¶¶ 27-30] However, Plaintiffs' "claims" fail as a matter of law because PRA, which **Plaintiffs admit** was acting as a **debt collector** [*See* Doc. 22, ¶ 6], is not subject to the TCPA's prohibition against calling residential phone lines using an artificial or prerecorded voice. *See Bates v. I.C. Sys., Inc.*, No. 09-CV-103A, 2009 WL 3459740, at *1 (W.D.N.Y. 2009). Therefore, Plaintiffs' arguments relating to how PRA obtained the subject phone number or who actually owned the number at the time the calls were made are irrelevant and Plaintiffs' SAC must be dismissed with prejudice.

## II. STANDARD OF REVIEW

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) should be granted if a Plaintiff has failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000)

---

[1] Plaintiffs' SAC mentions other laws and provisions of the TCPA in the "FACTUAL ALLEGATIONS" section, but Plaintiffs' counts state unequivocally that: "Defendant placed non-emergency telephone calls . . . in violation of 47 U.S.C. § 227(b)(1)(B)." [Doc. 22, ¶¶ 28, 30] To the extent this Court construes that Plaintiffs are asserting claims for alleged violations of additional provisions of the TCPA, PRA hereby incorporates by reference its arguments made previously in its Motion for Judgment on the Pleadings. [*See* Doc. 7]

Furthermore, Plaintiffs' allegation that PRA made telephone calls seeking to collect on a debt [*See* Doc. 22, ¶ 12] for which the statute of limitations had expired does not state a claim under the FDCPA or other laws. In the absence of a lawsuit, attempts to collect on debt for which the limitations period has run does not violate the FDCPA. *See, e.g., Freyermuth v. Credit Bureau Servs., Inc.*, 248 F.3d 767, 771 (8th Cir. 2001); *Abels v. JBC Legal Group, P.C.*, 428 F. Supp. 2d 1023, 1027 (N.D. Cal. 2005).

(quoting *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993)).   Still, a plaintiff must state a plausible claim under which the plaintiff may recover.   *Hyppolite v. Citi Residential Lending, Inc.*, No. 08-62022-CIV, 2009 WL 1109320, at \*1 (S.D. Fla. Apr. 24, 2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

As the Supreme Court explained in *Iqbal*, "only a complaint that states a plausible claim for relief survives a motion to dismiss. . . . where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) (quoting Fed. Rule Civ. Proc. 8(a)(2)) (internal citations omitted).   Under Fed. R. Civ. P. 12(b)(6), dismissal is appropriate when "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

## III. ARGUMENT

### A.   Plaintiffs Have Not Stated A TCPA Claim Against PRA.

#### 1.   Overview Of The TCPA.

Congress passed the TCPA in 1991 to address the burgeoning problem of **telemarketers**.   *See TSA Stores, Inc. v. Fla. Dep't of Agric. & Consumer Servs.*, 957 So. 2d 25, 27 (Fla. Dist. Ct. App. 2007).   Congress worried that consumers were losing money to telemarketer fraud and were suffering from their exposure to ubiquitous telemarketers.   *See id.*   Congress decided to deal with the issue through "do-not-call" lists and other measures designed to limit consumers' interaction with telemarketers.   *See id.*

**Telemarketers** are prohibited from "initiat[ing] any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order by the Commission under paragraph (2)(B)." 47 U.S.C. § 227(b)(1)(B). It is under this rubric that this Court must consider the application of the TCPA to PRA and Plaintiffs' "claims."

2.     **Plaintiffs Have Not Stated A TCPA Claim Against PRA.**

As mentioned above, Plaintiffs' TCPA claims are based solely on the allegations that PRA violated § 227(b)(1)(B) of the TCPA by making telephone calls to Ms. Kahn using a prerecorded or artificial voice. [*See* Doc. 22, ¶¶ 27-30] However, as PRA will explain in greater detail below, PRA cannot be held liable for this alleged conduct because Plaintiffs admit that PRA is a **debt collector** and **debt collectors** are exempted from § 227(b)(1)(B).

a.     **Plaintiffs Cannot State A TCPA Claim Based On PRA's Alleged Use Of Artificial Or Prerecorded Voices.**

Plaintiffs allege that PRA violated the TCPA by using artificial or prerecorded voices, but this claim fails as a matter of law because **Plaintiffs admit that PRA is a debt collector,** not a telemarketer. [*See* Doc. 22, ¶ 6] The TCPA makes it "unlawful to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, **unless** the call is initiated for emergency purposes or is **exempted by rule or order by the [FCC]** under paragraph (2)(B)." 47 U.S.C. § 227(b)(1)(B). The FCC has exercised its authority to create exemptions to § 227(b)(1)(B) and has specifically

exempted debt collectors from § 227(b)(1)(B). *See Bates v. I.C. Sys., Inc.*, No. 09-CV-103A, 2009 WL 3459740, at *1 (W.D.N.Y. 2009). This is due, in part, to the fact that debt collection inherently involves a "prior and existing business relationship" and debt calls are commercial calls which do not adversely affect privacy rights and which do not transmit an unsolicited **advertisement**. *See Meadows v. Franklin Collection Serv., Inc.*, No. 7:09-CV-00605-LSC, 2010 U.S. Dist. LEXIS 72340, at *16-17 (N.D. Ala. June 25, 2010).

In clarifying the debt collector exception to § 227(b)(1)(B), the FCC wrote: "**all debt collection circumstances** involve a prior or existing business relationship." *In re Rules Implementing the Tel. Consumer Prot. Act of 1991*, 7 FCC Rcd. 8752, 8771-72 (1992) (emphasis added). The report went on to state that:

> an express exemption from the TCPA's prohibitions for debt collection calls is unnecessary because such calls are adequately covered by exemptions we are adopting here for commercial calls which do not transmit an unsolicited advertisement and for established business relationships. As proposed in the NPRM, **these exemptions would also apply where a third party places a debt collection call on behalf of the company holding the debt.** Whether the call is placed by or on behalf of the creditor, **prerecorded debt collection calls would be exempt from the prohibitions on such calls to residences as: (1) calls from a party with whom the consumer has an established business relationship, and (2) commercial calls which do not adversely affect privacy rights and which do not transmit an unsolicited advertisement.**

*Id.* at 8773 (emphasis added). The FCC also amplified its position in 1995, writing:

> prerecorded debt collection calls are adequately covered by exemptions adopted in our rules. Our rules explicitly exempt calls made either by a party with whom the subscriber has an established business relationship or calls that do not transmit an unsolicited advertisement and are made for a commercial purpose. Household confuses the two exemptions. We have specifically noted that "**prerecorded debt collection calls [are] exempt from the prohibitions on [prerecorded] calls to residences as . . .**

**commercial calls . . . which do not transmit an unsolicited advertisement."** Nevertheless, the Report and Order explicitly states that subscribers who sever a business relationship are revoking consent to any future solicitation. **Because the termination of an established business relationship is significant only in the context of solicitation calls, that act of terminating such a relationship would not hinder or thwart creditors' attempts to reach debtors by telephone.**

*In re Rules Implementing the Tel. Consumer Prot. Act of 1991*, 10 FCC Rcd. 12,391, 12,400 (1995); *see also In re Rules Implementing the Tel. Consumer Prot. Act of 1991*, 23 FCC Rcd. 559, 563-64.  In other words, both FCC exemptions under § 227(b)(2)(B) apply to debt collection calls because debt collection calls involve an established business relationship and are commercial calls which do not adversely affect privacy rights or transmit an unsolicited advertisement.

The courts have reached the same conclusion when interpreting the application of § 227(b)(2)(B) of the TCPA to debt collectors.  *See e.g. Bates v. I.C. Sys., Inc.*, 2009 WL 3459740, at *1.  In *Bates*, the plaintiff brought suit under the TCPA after receiving debt collection calls at his home, at his workplace, and on his cell phone.  *See id*.  The defendant moved to dismiss on the basis that "the TCPA specifically exempts calls from parties with a prior existing business relationship, and that debt collection calls necessarily involve a prior existing business relationship," and the plaintiff responded that "the TCPA differentiates between calls made to cellular and residential lines."  *Id*. at *2.  Though the court denied the motion to dismiss, it noted that: "the defendant correctly notes that **debt collection calls to a residential line are exempt from the TCPA**."  *Id*.

As discussed above, Plaintiffs allege that **all of the calls were made by PRA in connection with its attempts to collect a debt** from Ms. Kahn.  [*See* Doc. 22, ¶ 23]

Therefore, PRA's debt collection calls to Ms. Kahn involved an established business relationship and were commercial calls which did not adversely affect privacy rights or transmit an unsolicited advertisement.   As such, both FCC exemptions under § 227(b)(2)(B) apply to PRA and Plaintiffs' TCPA claim relating to PRA's alleged use of artificial or prerecorded voices fails as a matter of law and must be dismissed, with prejudice.

> **b.      Plaintiffs' Allegations Concerning Mr. Rosen are Covered by the FCC Exceptions to § 227(b)(1)(B).**

In an apparent attempt to bypass the FCC exceptions, Plaintiffs refer to *Watson v. NCO Group, Inc.*, 462 F. Supp. 2d 641 (E.D. Pa. 2006).  [*See* Doc. 22, ¶ 30]  In Watson, the plaintiff alleged that after beginning telephone service at a new home, he began receiving prerecorded telephone calls from a debt collection agency.  The court, relying heavily on the plaintiff's claim that the debt collector called a non-debtor, held that the non-debtor did not have an existing business relationship with the plaintiff.  However, *Watson* is distinguishable from this case.  PRA, unlike the defendant in *Watson*, was calling the residential telephone number **of the debtor** from whom PRA was attempting to collect a debt.[2]  Indeed, Plaintiffs admit that Ms. Kahn and Mr. Rosen "have shared a residence" even after divorcing.  [*See* Doc. 22, ¶ 7, 13]  It is also significant that Plaintiffs do not allege that PRA ever attempted to collect the debt **from Mr. Rosen**. [*See* Doc. 22, ¶ 23]  As such, *Watson* is inapplicable to this case.

---

[2] In *Watson*, it is also worth noting that the plaintiff was telephoned erroneously. *See Watson*, 462 F. Supp. at 644.  Here, in contrast, Plaintiffs admit that PRA telephoned Ms. Kahn at the telephone number Ms. Kahn provided to the original creditor.  [*See* Doc. 22, ¶¶ 13]

The inapplicability of *Watson* to debt collection calls made to a number previously owned by another is perhaps best demonstrated by the recent decision in *Meadows v. Franklin Collection Serv., Inc.*, No. 7:09-CV-00605-LSC, 2010 U.S. Dist. LEXIS 72340 (N.D. Ala. June 25, 2010). The *Meadows* plaintiff alleged that the defendant had telephoned her in an attempt to collect a debt owed by a family which had previously owned her telephone number and by her daughter, who lived with her. *Id.* at *2. The court granted summary judgment for the defendant. *Id.* at *17-18. Rejecting the plaintiff's contention that the exception did not apply, and citation of *Watson*, the Court wrote:

> This argument, however, does not succeed. As noted above, the FCC has determined that **all debt collection circumstances** are excluded from the TCPA's coverage. This finding is broad enough to cover a debt collection activity that contacts a non-debtor. Furthermore, it is clear that Franklin, in calling Meadows's number, was attempting to contact a debtor using the number provided by that debtor. While Meadows may have answered the phone, **she was not the intended recipient of the call**. Franklin's actions violated neither the spirit nor the letter of the TCPA.

*Id.* at *17.

Like the defendant in *Meadows*, PRA called the residential telephone number previously owned by Ms. Kahn and where Ms. Kahn lived in an attempt to collect a debt. [*See* Doc. 22, ¶ 13] Furthermore, how PRA obtained the subject number and who actually "owned" the number at the time the calls were made are irrelevant because Plaintiffs' admit that Ms. Kahn was the intended recipient of the calls. [*See* Doc. 22, ¶ 23] Therefore, because the FCC has excepted **all debt collection circumstances** from the TCPA coverage in § 227(b)(1)(B) and it is undisputed that PRA's calls were made in an attempt to collect a debt from Ms. Kahn, this Court must conclude that Plaintiffs'

claim for alleged violations of § 227(b)(1)(B) fails as a matter of law.  As such, Plaintiffs have failed to state a TCPA claim against PRA upon which relief may be granted and their SAC must be dismissed with prejudice.

### IV. CONCLUSION

Based on the foregoing, Plaintiffs' claims fail as a matter of law and this Court should grant PRA's Motion to Dismiss Plaintiff's Second Amended Complaint.

Respectfully submitted,

s/ R. Frank Springfield
John R. Chiles (FL Bar # 0012539)
R. Frank Springfield (FL Bar # 0010871)
Christine Irwin Parrish (FL Bar # 0014404)
BURR & FORMAN LLP
450 S. Orange Avenue, Suite 200
Orlando, Florida 32801
Telephone:  (407) 244-0888
Facsimile: (407) 244-0889
jchiles@burr.com
fspringf@burr.com
cparrish@burr.com

Attorneys for Defendant
PORTFOLIO RECOVERY ASSOCIATES, LLC

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the 20th day of December, 2010:

James S. Giardina, Esq.
The Consumer Rights Law Group, PLLC
3802  Bay to Bay Blvd., Suite 11
Tampa, Florida 33629
(813) 413-5610

Donald A. Yarbrough
Post Office Box 11842
Ft. Lauderdale, FL  33339
(954) 537-2000

s/ R. Frank Springfield
OF COUNSEL

1880633 v1