# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

JUDITH S. KAHN and
STEVEN A. ROSEN,

    Plaintiffs,

v.                                        Case No.: 08:10-cv-02399-RAL-TGW

PORTFOLIO RECOVERY
ASSOCIATES, LLC.

    Defendant.
_____/

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiffs, Judith S. Kahn and Steven A. Rosen ("Plaintiff"), file this Response in Opposition to Defendant's Motion to Dismiss (DE 30) and, in support thereof, states as follows:

1.    Defendant's motion should be denied as Plaintiff's Complaint contains sufficient factual content to state a valid cause of action under the TCPA and because Defendant's application of the exemptions under the TCPA is a misinterpretation not supported by the statute.

## LEGAL STANDARD

2.    In considering Defendant's Motion to Dismiss (DE 30):

> In ruling on a motion to dismiss, [the] Court must accept all factual allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor. See *Ashcroft v Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009); *Chambers v Time Warner, Inc.*, 282 F. 3d 147, 152, (2d Cir. 2002). To survive a motion to dismiss, a complaint must contain sufficient

1

factual content to allow the district court "to draw the reasonable inference that the defendants are liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949, *see also* <u>Bell Atlantic Corp. v Twombly</u>, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

<u>Bates v I.C. System, Inc.</u>, No. 09-CV-103A, 2009 U.S. Dist. LEXIS 96488 (W.D.N.Y. 2009).

# **DISCUSSION**

3.	Defendant's argument against TCPA liability is wholly constructed on an analysis of irrelevant cases and a misinterpretation of the TCPA and the FCC's Orders and Opinions regulating its enforcement. Defendant's reliance on <u>Bates v I.C. System, Inc.</u> and <u>Meadows v. Franklin Collection Serv., Inc.</u>, is erroneous. In <u>Bates</u>, the substance of Defendant's motion to dismiss and the Court's subsequent ruling concerned calls to Bates' *cellular telephone* and the necessary prior express consent. The Court in <u>Bates</u> denied Defendant's motion to dismiss and ruled that, as all factual allegations in the complaint are presumed true, plaintiff's complaint cited a cognizable cause of action under the TCPA (<u>Bates v I.C. Systems, Inc</u>). In <u>Meadows,</u>(which is not binding Eleventh Circuit precedent) the Court ruled on the parties' motions for *summary judgment*, a different consideration and standard for review than a motion to dismiss (<u>Meadows v Franklin Collection Service, Inc.</u>, No. 7:09-CV-00606-LSC, 2010 U.S. Dist. LEXIS 72340 (No. Dist. Ala. June 25, 2010). With specific regard to Defendant's references to <u>Meadows</u>, the Court in <u>Meadows</u> in ruling on the TCPA considered only *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* 7 FCC Rcd 8752 (1992) and did *not* consider any subsequent Orders, particularly the *1995 TCPA Reconsideration Order*, 10 FCC Rcd 12397 (1995), which clarified the treatment of debt

collection calls. The FCC's initial conclusion that all debt collection calls would be exempt from the TCPA *was clarified by the FCC's subsequent orders*. It is not still accurate to say that the FCC has exempted all debt collection circumstances from TCPA coverage, as Defendant appears to contend (DE 30 at page 8). <u>Meadows</u> is on appeal to the Eleventh Circuit (Appeal Number: 10-13474-G).

  4. The FCC's 1995 Order discusses the exemption to the prohibition against artificial or prerecorded voice message calls to residences, clarifying that it exempts from the general prohibition any prerecorded or artificial voice message calls from a person with whom the subscriber has an established business relationship *at the time the call is made* (47 C.F.R. § 64.1200(c)). What has not been considered, with regard to these established business relationships, is a guideline as to the *length of time*. Would the FCC consider the holder of a twenty year old debt to still have a claim to a business relationship with the debtor? Do entities and debt collectors maintain this "relationship" with a person throughout their lifetime, even when the debts which established their relationship are no longer valid? This was not the FCC's intention. Though no specific timeline is established, the FCC intended to reasonably exempt debt collectors and entities attempting to collect valid debts over reasonable periods of time, *not* that a prior business relationship should be considered valid over any infinite period of time. See 47 U.S.C. § 227(a)(2)(B): an established business relationship shall be subject to any time limitation established pursuant to 47 U.S.C. § 227(b)(2)(G)(i): the Commission may, consistent with clause (ii), limit the duration of an established business relationship.

Defendant, in its motion, has not denied that it was seeking to collect on a debt for which the statute of limitations had expired. Defendant, instead, contends that attempts to collect on debt for which the limitations period has run do not violate the FDCPA or other laws (DE 30 at page 2). Defendant is mistaken. Though all debt collection circumstances involve a prior or existing business relationship, this does *not* mean that all such relationships are valid relationships in the context of the statute – the text of the statute provides for time limitations. The debt owed by Ms. Kahn was no longer a collectable debt, and as such, Ms. Kahn's previous business relationship with the original creditor had expired.

     5.    Contrary to Defendant's assertion, both the matter of how Defendant obtained the subject telephone number *and* who owned the telephone number at the time the calls were made are both relevant considerations to Plaintiffs' TCPA claims. Defendant attempts to distinguish <u>Watson v NCO Group, Inc</u>., 462 F. Supp. 2d 641 (E.D. Pa. 2006) from the instant case. Defendant's arguments are erroneous. *Neither* Plaintiff has an existing business relationship with the creditor, as Mr. Rosen is not liable for Ms. Kahn's alleged debt and did not provide his telephone number to Bayfront Medical Center. As to Ms. Kahn, because the alleged debt Defendant was attempting to collect was time-barred, any business relationship between Ms. Kahn and the original creditor had expired or was otherwise extinguished. As such, Defendant's conduct is *not* covered under the exemptions to the TCPA.

6. An important consideration Defendant has completely glossed over in its Motion to Dismiss is Ms. Kahn's August 18, 2008 correspondence to Defendant, in which Ms. Kahn demanded that Defendant cease calling her. Any supposed implication of prior express consent is a nullity when taken with Ms. Kahn's explicit revocation of any consent. Defendant had no legal right to contact Ms. Kahn via telephone *at all*, whether by a live person manually dialing her telephone number or by using an automatic telephone dialing system and pre-recorded or artificial voice, after it received Ms. Kahn's cease and desist letter, yet Defendant persisted in telephoning Plaintiff. Though Plaintiff informed Defendant that the calls were disruptive to her own health and well-being and to Mr. Rosen's health and well-being, whose then recent liver transplant required rest and quiet, Defendant persisted in calling. Ms. Kahn informed Defendant that she had been a victim of medical malpractice and that she refused to pay the alleged debt, yet Defendant persisted in calling. Plaintiff gave Defendant an explicit demand to cease all telephonic communications, yet Defendant persisted in calling. Defendant was so persistent, in fact, that it called Plaintiff some *nine hundred times* in an attempt to collect Plaintiff's alleged (and time-barred) debt. Under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA") once a consumer, as Ms. Kahn is here, notifies a debt collector, which Defendant is here, that the consumer refuses to pay the alleged debt or that the consumer wishes the debt collector to cease further communication, the debt collector is obligated to cease all communications to the consumer including telephone calls. 15 U.S.C. §1692c(c). In addition, the FDCPA also prohibits a debt collector from communicating with a consumer at any time or place known to be inconvenient to the consumer. 15

U.S.C. §1692c(a)(1). The alleged debt is a consumer debt and is governed by the FDCPA.

7. A further consideration which Defendant has also not addressed in its Motion is that the provision of Ms. Kahn's telephone number, regardless of all else, by Bayfront Medical Center to Defendant, was a violation of Ms. Kahn's rights under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), §§ 261-264, Public Law 104-191, 110 Stat. 2033-2034 (codified at 42 U.S.C. §§ 1320d - 1320d-8). Under HIPAA, the medical provider may only provide the *minimum* amount of protected health information necessary to collect a debt. Under HIPAA, a patient's telephone number is considered protected health information. A patient's telephone number is outside the scope of the *minimum* amount of information necessary to engage in debt collection. A debt may be collected through the mailing of letters or through litigation, and does not require a person's telephone number. A debt collector is not guaranteed by law the right to collect debts via telephone. Thus, Bayfront Medical Center's provision of Ms. Kahn's then telephone number to Defendant, or any other intermediary, for the purpose of debt collection is prohibited by law, which ends any inference that she may have consented to Defendant's subsequently placed calls using a pre-recorded or artificial voice. The Northern District of Illinois has recently certified a class action against a debt collector for violation of the TCPA based upon the very grounds articulated here. *Balbarin, Joanne F. v North Star Capital Acquisition, LLC, et al.*, Case No.: 10-cv-01846, (N.D. Ill., January 5, 2011, DE 144).

8. In considering Defendant's motion, the Court must accept all allegations in the Complaint as true, including *both* Plaintiffs' contentions that they did not have existing business relationships with Defendant or the original creditor; that Ms. Kahn expressly revoked any implied or otherwise contrived consent to call her telephone when she contacted Defendant via letter; and that the provision of Ms. Kahn's telephone number by the creditor to the Defendant was a violation of HIPAA, *none* of which facts exempt Defendant from 47 U.S.C § 227 (b)(1)(B). As Plaintiff has pleaded factual content from which the Court may reasonably infer liability, Defendant's motion to dismiss should be denied.

Respectfully submitted,

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiffs
Post Office Box 11842
Fort Lauderdale, Florida 33339
Telephone: (954) 537-2000
Facsimile: (954) 566-2235
donyarbrough@mindspring.com

s/Donald A. Yarbrough
Donald A. Yarbrough, Esq.
Florida Bar No. 0158658

JAMES S. GIARDINA, ESQ.
Attorney for Plaintiffs
Suite 11
3802 West Bay To Bay Boulevard
Tampa, FL 33629
james@consumerrightslawgroup.com

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

JUDITH S. KAHN and
STEVEN A. ROSEN,

    Plaintiffs,

v.                                   Case No.: 08:10-cv-02399-RAL-TGW

PORTFOLIO RECOVERY
ASSOCIATES, LLC.

    Defendant.
_____/

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 20, 2011, I certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified.

                                                                s/Donald A. Yarbrough
                                                                Donald A. Yarbrough, Esq.

## SERVICE LIST

Mr. R. Frank Springfield, Esq.
Burr & Forman LLP
420 North 20th Street
Suite 3400
Birmingham, Al 35203
Telephone: 205-458-5187
Facsimile: 205-244-5707

Via Notices of Electronic Filing generated by CM/ECF