UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JUDITH S. KAHN and STEVEN A. ROSEN,

    Plaintiffs,

v.                                          CASE NO: 8:10-cv-2399-T-26TGW

PORTFOLIO RECOVERY ASSOCIATES, LLC,

    Defendant.
_____/

**O R D E R**

Before the Court is Defendant Portfolio Recovery Associates, LLC's Motion to Dismiss (Dkt. 30), and Plaintiffs' Response in Opposition. (Dkt. 35). After careful consideration of the allegations of the Second Amended Complaint (Dkt. 22), and the applicable law, the Court concludes that the motion should be denied.

**RELEVANT STANDARD**

All factual allegations of the operative complaint are considered true and all inferences from those facts will be construed in the light most favorable to the plaintiffs. See Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. of Disease Control and Prevention, 623 F.3d 1371, 1379 (11th Cir. 2010). The complaint must allege "only enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). The factual

allegations must be "enough to raise a right to relief above the speculative level." Id., 550 U.S. at 545. "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S ___, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009).

## ANALYSIS

Defendant contends that Plaintiffs have failed to state a claim for relief in the Second Amended Complaint because the Telephone Consumer Collection Practices Act of 1991, 47 U.S.C. § 227, (the TCPA) exempts debt collectors from its purview. Defendant argues that the TCPA applies only to telemarketers, not debt collectors, and cites several cases: Bates v. I.C. Sys., Inc., 2009 WL 3459740 (W.D. N.Y. Oct. 2009); Meadows v. Franklin Collection Serv., Inc., 2010 WL 2605048 (N.D. Ala. 2010); and TSA Stores, Inc. v. Florida Dep't of Agric. & Consumer Servs., 957 So.2d 25, 27 (Fla.Dist.Ct.App. 2007). Plaintiffs attempt to distinguish those cases.

In Bates, the district court denied a motion to dismiss, ruling that the plaintiff's complaint stated a claim for relief under the TCPA. In Meadows, the district court considered the issues under the TCPA on a motion for summary judgment, which is far different from a motion to dismiss as in this case. Without determining any of the factual disputes that have been raised in the response, for example, whether collection of the debt is time-barred, and without rendering any legal conclusions based on the alleged facts as

interpreted under the TCPA, this Court finds that the Second Amended Complaint alleges the bare minimum to withstand a motion to dismiss at this early stage of the proceedings. On a motion to dismiss, the Court may not engage any resolving factual disputes.  Thus, in the Court's view, the allegations are sufficient to raise a right to relief above the speculative level and to state a plausible claim for relief against Defendant for violating the TCPA.  Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 561-62, 570, 127 S.Ct. at 1968-69, 1974.

It is therefore **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss (Dkt. 30) is **DENIED**.  Defendant shall file its answer and defenses within ten (10) days of this order.

**DONE AND ORDERED** at Tampa, Florida, on January 24, 2011.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record